IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vicki Miller, ) | C/A. No. 2:23-3853-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Walmart Inc. d/b/a/ Walmart Stores No. 1037, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant's motion for summary judgment. (Dkt. No. 20). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

I.   **Background**

Reading all facts in a light most favorable to her, Plaintiff alleges that on July 31, 2020, Plaintiff was at Walmart Store # 1037 in Summerville, South Carolina when she tripped on a "sleeve" welded to a metal barricade and fell.[1] Namely, a series of connected metal barricades had been placed along the sidewalk outside of the store to channel traffic due to the COVID-19 pandemic. Plaintiff alleges she walked "catty corner" along the barricade, then did a "180-turn" at the end of the barricade and tripped over the sleeve. Though Plaintiff saw the subject barricade, she did not see the metal sleeve welded into it. (Dkt. No. 20-1 at 1-3). Plaintiff alleges the sleeve was a foot and a half or higher off the ground. (Dkt. No. 22-1 at 4). Plaintiff does not contend the barricade was defective. (Dkt. No. 20-1 at 3). Plaintiff testified that she had "ample room to give clearance to the end of the barricade as [she] made [the] 180-degree turn." (Dkt. No. 20-2 at 7).

---

[1] The barricades at issue join through a hook and sleeve system. (Dkt. No. 20-1 at 3).

Plaintiff brings a claim for negligence and requests punitive damages. (Dkt No. 1-1).

Defendant moves for summary judgment. (Dkt. Nos. 20, 23). Plaintiff opposes. (Dkt. No. 22).

Defendant's motion is fully briefed and ripe for disposition.

## II.    Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.    Analysis

In South Carolina, "[p]remises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's property as a result of conditions or activities on the land." *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 858 (D.S.C. 2015) (citation omitted). In

order to establish a negligence cause of action under South Carolina law, a plaintiff must present evidence of: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) damages sustained by the plaintiff. *Andrade v. Johnson*, 356 S.C. 238, 588 S.E.2d 588, 592 (2003) (citation omitted).

"The existence of a duty owed is a question of law" for the Court to determine. *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 620 S.E.2d 326, 329 (2005) (citations omitted). "[I]f no duty exists, the defendant is entitled to judgment as a matter of law." *Id.* "If a duty does exist, the jury then determines whether a breach of the duty that resulted in damages occurred." *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 701 S.E.2d 776, 781 (App. 2010) (citation omitted). "Generally, there is no common law duty to act." *Jensen v. Anderson Cnty. Dep't of Soc. Servs.*, 304 S.C. 195, 403 S.E.2d 615, 617 (1991). However, an affirmative duty "may be created by statute, contract relationship, status, property interest, or some other special circumstance." *Id.* "South Carolina recognizes four general classifications of persons who come on premises:" (1) adult trespassers; (2) invitees; (3) licensees; and (4) children. *Sims v. Giles*, 343 S.C. 708, 541 S.E.2d 857, 861 (App. 2001). "Different standards of care apply depending on whether the visitor is considered an 'invitee,' i.e., an invited (express or implied) business guest; a 'licensee,' i.e., a person not invited, but whose presence is suffered; a 'trespasser,' i.e., a person whose presence is neither invited nor suffered; or a child." *Id.* (citation omitted). "In premises liability cases, the invitee is offered the utmost duty of care by the landowner and a trespasser is generally offered the least." *Id.*

In the case at hand, the parties do not dispute Plaintiff's status as an invitee. "Invitees include patrons of stores ...." *Sims*, 541 S.E.2d at 862. "'An invitee is a person who enters onto the

3

property of another by express or implied invitation, his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and there is a mutuality of benefit or a benefit to the owner.'" *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 858-59 (D.S.C. 2015) (quoting *Lane v. Gilbert Const. Co.*, 383 S.C. 590, 681 S.E.2d 879, 882 (2009)). "'[A]n invitee enters the premises with the implied assurance of preparation and reasonable care for his protection and safety while he is there.'" *Id.* at 859 (alteration in original) (quoting *Singleton v. Sherer*, 377 S.C. 185, 659 S.E.2d 196, 205 (App. 2008)).

"A merchant is not an insurer of the safety of [its] customers[,]" and "is not required to maintain the premises in such condition that no accident could happen to a patron using them[,]" *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 541 S.E.2d 831, 832, 833 n.1 (2001) (citations omitted); however, a merchant owes "an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Sims*, 541 S.E.2d at 863 (citation omitted). The owner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. *H.P. Larimore v. Carolina Power & Light*, 340 S.C. 438, 531 S.E.2d 535, 538 (App. 2000) (citing *Callander v. Charleston Doughnut Corp.,* 305 S.C. 123, 406 S.E.2d 361, 362-63 (1991)). "To recover damages for injuries caused by a dangerous condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the [defendant] which created the dangerous condition; or (2) that the [defendant] had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Garvin*, 541 S.E.2d at 832. Either theory is predicated on the existence of a dangerous condition; if there is no evidence of a dangerous condition, then the Court must grant summary judgment. *Daniels v. Food Lion, LLC*, No. 5:16-cv-00936-RBH, 2018 WL 5762081, at *6 (D.S.C. Nov. 2, 2018).

"The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *H.P. Larimore,* 531 S.E.2d at 540.

A landowner is not liable for open and obvious dangers unless the landowner "should anticipate the harm despite such knowledge or obviousness" or "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, ... or fail to protect himself against it." *Callander*, 406 S.E.2d at 362-63 (internal quotation marks omitted) (alteration in original).

Defendant agues that the barricade was not dangerous, and that Plaintiff's fall was the result of her cutting her turn too close. (Dkt. No. 20-1 at 7). Specifically, Defendant argues that the barricade was an open and obvious danger.

Reading all facts in a light most favorable to Plaintiff, the nonmoving party, the Court denies Defendant's motion on this point. Plaintiff testified she did not see the sleeve and that it was around 1.5 to 2 feet high. These facts distinguish the instant matter from a case Defendant cites, *Welsh v. Speedway, LLC.* There, the Court granted defendant summary judgment because, on the day the plaintiff fell at defendant's gas station, the plaintiff testified he saw the very hose he was trying to step over and on which he tripped. 2017 WL 2881007, at *3-4 (D.S.C. July 6, 2017) ("Based upon Plaintiff's deposition testimony, it is apparent to this Court that Plaintiff observed the hoses, stood in front of the hoses, and admitted to stepping over one of the hoses in order to try and shut off the pump. In other words, the gas pumps were in plain view and reasonably discoverable to Plaintiff; indeed, Plaintiff was using one of the gas pump hoses at the time he fell and sustained injury."); *Bernstein v. Walmart, Inc.*, — F. Supp. —, 2024 WL 476300, at *4 (D.S.C. Feb. 7, 2024) (granting defendant summary judgment and finding no duty to warn of open and

5

obvious danger where plaintiff saw an allegedly "errant" shopping cart and decided to "'go through' a tight space of about three feet" next to said cart to enter store and fell); *Rill v. City of New York*, No. 03 CIV. 0522 (GEL), 2004 WL 324869, at *4 (S.D.N.Y. Feb. 20, 2004) (denying defendant's motion for summary judgment that metal I-Beam protruding from concrete barrier was open and obvious hazard, noting that "[w]hile the City emphasizes the substantial size of the concrete barrier, Rill claims that the undetached I–Beam, not the barrier itself, caused him to fall. The Court cannot say, as a matter of law, that any person making reasonable use of his or her senses would have observed the I–Beam").

The Court does, however, grant Defendant's motion as to punitive damages. (Dkt. No. 20-1 at 11). Plaintiff did not oppose this argument, (Dkt. No. 22), and Defendant has established that Plaintiff cannot put forward clear and convincing evidence that Defendant's misconduct in placing the barrier with an unmarked metal sleeve was "willful, wanton, or in reckless disregard of plaintiff's rights." *Peeples v. Herrnstein Auto Grp., LLC*, No. CV 9:20-4463-RMG, 2022 WL 17649711, at *1 (D.S.C. Dec. 12, 2022) (citing S.C. Code Ann. § 15-33-125).

### IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment (Dkt. No. 20) as to Plaintiff's claim for punitive damages. Defendant's motion is otherwise **DENIED.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

June 17, 2024
Charleston, South Carolina